UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **MARGARET KELLY, Individually and as Independent Executor of the Estate of Gary Kelly,** § § § § | |
| Plaintiff, § | CIVIL ACTION NO. H-04-1626 |
| VS. § § | |
| **STATE FARM LLOYDS,** § § | |
| Defendant. § | |

## **MEMORANDUM AND ORDER**

Pending before the Court is Defendant's motion for partial summary judgment. After considering the parties' filings and the applicable law, the Court finds that the motion, Docket No. 19, should be and hereby is **DENIED**.

**I.   BACKGROUND**

This case arises from a fire that occurred at Plaintiff's home on April 23, 2002, damaging the home and destroying many of its contents. At the time of the fire, Plaintiff's husband was at home and Plaintiff was at work. Plaintiff's husband later stated that he was sleeping in his reclining chair in the living room of the residence when the fire started. He claimed that he was awakened by noise from the fire and, when he rose to investigate, was buffeted by an explosion. He escaped through the garage, the doors of which had been detached by the force of the blast. He was assisted away from the house by a passerby and later treated at a local hospital for smoke inhalation.

Plaintiff's husband used two rooms of the home as hobby rooms. He stored flammable substances such as mineral spirits and lighter fluid in the hobby rooms. After the fire, Plaintiff and her husband both testified that, on the day before the fire, Plaintiff's

1

husband and son had spilled gasoline outside the home while working on a truck. Plaintiff's husband did not remember spilling the gasoline on himself or walking through it afterward. Neither Plaintiff nor her husband could remember smelling gasoline inside the home before the fire. At the time of the fire, Plaintiff's husband weighed approximately 400 pounds, suffered from and took medication for diabetes and depression, and used a wheelchair much of the time, although he was able to walk short distances. He had recently been awarded Social Security disability benefits.

After the fire was extinguished, the Houston Fire Department and Houston Arson Bureau conducted separate investigations. A few hours after the fire, the Arson Bureau conducted three searches of the home using Yoshi, an accelerant-detecting dog. Yoshi did not alert during any of the three searches. Yoshi did alert when "calibrated" using a gasoline sample outside of the home. The Arson Bureau administered a polygraph test to Plaintiff and, although the test results were inconclusive, determined that Plaintiff was not involved with the fire. Neither the Fire Department nor the Arson Bureau ever isolated a cause of the fire. The Fire Department termed the fire "suspicious"; the Arson Bureau classified it as of "undetermined" origin.

Plaintiff reported the fire to Defendant, her home insurer, and sought payment under her homeowner's insurance policy. In response to the claim, Defendant retained Cory Martin, an independent origin and cause expert, to determine the cause of the fire. Martin visited the home with four accelerant-detecting dogs, which allegedly alerted inside the home. Martin then took samples from the areas to which the dogs alerted. Armstrong Forensic Laboratory, which analyzed the samples, reported that two of the eight samples tested positive for gasoline and that one sample tested positive for mineral

spirits. Martin completed his investigation on April 26, 2002 – three days after the fire – and concluded that the fire had been intentionally set. Martin submitted to Defendant a formal report to that effect on May 16, 2002. Martin's report expressed no opinion as to the identity of the individual(s) who had set the fire.

On May 13, 2002, Defendant notified Plaintiff that its preliminary investigation had "determined that the loss in question [was] the result of an intentionally set fire" and that it had not decided either to pay or to deny the claim. Defendant stated its intention to investigate the fire further. Defendant then hired Doug Holmes, a Master Fire Inspector, to conduct a peer review of Martin's report and to determine who had started the fire. Holmes inspected the fire scene on January 23, 2003 and concluded that the fire had been intentionally set by Plaintiff's husband. Holmes submitted a formal report to that effect to Defendant on February 25, 2003. On March 17, 2003, Defendant informed Plaintiff that Defendant's investigation had yielded the conclusion that Plaintiff was not entitled to payment because her husband had intentionally caused the fire. Defendant stated, however, that it had elected to treat Plaintiff as an "innocent spouse" and to pay her one half of the value of the claim. Defendant reserved its right to assert all available defenses to the claim.

Upon receipt of Defendant's decision, Plaintiff retained her own expert, Gary Farge, to investigate the fire. Farge was unable to determine the cause of the fire but disputed several of Holmes's findings, and particularly Holmes's conclusion that the fire had multiple points of origin (an indicator of arson). Farge also alleged that Defendant's investigators had spoliated evidence at the scene. Plaintiff then filed the instant suit, asserting claims of breach of contract, violations of Texas Insurance Code Article 21.21,

3

and the Texas Deceptive Trade Practices Act (DTPA), as well as breach of the duty of good faith and fair dealing. Defendant now moves for partial summary judgment on Plaintiff's extra-contractual claims, arguing that Plaintiff cannot prove, as she must, that Defendant acted in bad faith.

II.   ANALYSIS

   A.   **Summary Judgment Standard**

A motion for summary judgment under Federal Rule of Civil Procedure 56 requires the Court to determine whether the moving party is entitled to judgment as a matter of law based on the evidence thus far presented. *See* FED. R. CIV. P. 56(c). "Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Kee v. City of Rowlett*, 247 F.3d 206, 210 (5th Cir.), *cert. denied*, 534 U.S. 892 (2001) (internal quotation marks and citation omitted). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could enter a verdict for the non-moving party." *Crawford v. Formosa Plastics Corp.*, 234 F.3d 899, 902 (5th Cir. 2000). This Court must view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Id*.

   B.   **Defendant's Alleged Bad Faith**

As Defendant points out, all of Plaintiff's extra-contractual claims are founded on her allegation of bad faith. *See Higginbotham v. State Farm Mut. Auto. Ins. Co.*, 103 F.3d 456, 460 (5th Cir. 1997) (citing Texas state cases). Defendant contends that it is entitled to summary judgment on the issue of bad faith because, as a matter of law, its

4

liability to Plaintiff never became reasonably clear. *See Universe Life Ins. Co. v. Giles*, 950 S.W. 2d 48, 49 (Tex. 1997) ("A majority of the Court – eight Justices – agrees that an insurer violates its duty of good faith and fair dealing by denying or delaying payment of a claim if the insurer knew or should have known that it was reasonably clear that the claim was covered.").

The *Giles* court held, however, that the question whether liability was reasonably clear is one for the trier of fact:

> We have long recognized that the Texas Constitution confers an exceptionally broad jury trial right upon litigants. . . . And we have warned that the courts must not lightly deprive our people of this right by taking an issue away from the jury. . . . A court may be entitled to decide an issue as a matter of law when there is no conflict in the evidence, but when there is evidence on either side, the issue is a fact question. . . . We therefore hold that whether an insurer acted in bad faith because it denied or delayed payment of a claim after its liability became reasonably clear is a question for the fact-finder.

*Id.* at 56 (internal citations omitted).

Here, the parties present conflicting evidence and competing theories to explain the origin of the fire. They present expert reports that expressly contradict one another, and Plaintiff's expert accuses Defendant's experts of spoliation. Thus, whether Defendant reasonably relied upon the findings of its hired experts is an issue not of law but of fact. Accordingly, Defendant's motion for partial summary judgment is hereby **DENIED**.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 13th day of February, 2006.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES
THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY
OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH
THEY MAY HAVE BEEN SENT ONE BY THE COURT.**